UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

KEVIN WASHINGTON,
        Petitioner,                      No. 2:12-cv-339
vs.                                                Hon R. Allan Edgar
                                                      United States District Judge
DUNCAN MACLAREN,
        Respondent.
_____/

**OPINION AND ORDER**

      Petitioner Kevin Washington, currently imprisoned by the Michigan Department of Corrections, filed this pro se writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction. (Docket #1) Petitioner is challenging the validity of his jury conviction for solicitation to commit murder. Petitioner was sentenced 25 to 40 years imprisonment for this conviction. Petitioner is serving this sentence concurrently with his 2008 conviction for assault with intent to commit murder, a sentence of 46 to 90 years imprisonment.

      Under the "concurrent sentence" doctrine, a court may decline to hear a substantive challenge to a conviction when the sentence on the challenged conviction is being served concurrently with an equal or longer sentence on a valid conviction. *United States v. Hughes,* 964 F.2d 536, 541 (6th Cir. 1992); *Dale v. Haeberlin,* 878 F.2d 930, 935 n. 3 (6th Cir. 1989). This doctrine is discretionary, applied hesitantly, and invoked only when there are no possible adverse "collateral consequences." *Hughes,* 964 F.2d at 541; *Dale,* 878 F.2d at 935 n. 3.

      In the present case, Petitioner is serving a concurrent sentence on a valid conviction that is longer than the current challenged conviction. Although Petitioner is challenging his conviction for assault with intent to commit murder in another habeas proceeding, *Washington v. Woods*, 2:12-cv-93, that underlying conviction is still valid.[1] Petitioner does not contend that he will suffer any adverse effect should this Court deny his Petition. Because there is very little likelihood of collateral consequences this Court will deny his motion for habeas relief. In the unlikely event that his valid 2008 conviction is overturned or the term of imprisonment is lower than his current conviction, this would likely constitute cause for equitable tolling.

      The Court holds that Petitioner's petition is without merit. In addition, if Petitioner should choose to appeal this action, the Court must determine whether a certificate of

---

[1] That case is being held in abeyance pending Petitioner's exhaustion of state court claims. 2:12-cv-93 (Docket #56)

appealability should be granted.  A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000).  Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484.  The Court examined each of Petitioner's claims under the *Slack* standard and concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong.  This Court denies Petitioner a certificate of appealability as to each issue.

For the same reasons that the Court has dismissed this action, the Court will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24 that any appeal by petitioner from the Court's decision and judgment would be frivolous and not taken in good faith.  Therefore, any application by Petitioner for leave to proceed in forma pauperis on appeal is hereby **DENIED**.

Petitioner's motion for post-conviction relief pursuant to 28 U.S.C. § 2254 is **DENIED**.  A judgment consistent with this Opinion and Order will be entered.

**SO ORDERED.**

Dated:      4/3/2015                             */s/ R. Allan Edgar*
                                                  R. Allan Edgar
                                                  United States District Judge